UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LASCELLES RATTRAY,

        Plaintiff,

                                  Case No. 07-C-0916

LIPPMANN-MILWAUKEE, INC.,

        Defendant.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

The plaintiff, Lascelles Rattray, filed a complaint on October 11, 2007 with this court, alleging that the defendant demoted him from welder foreman because of his race in violation of Title VII of the Civil Rights Act. On April 30, 2008, plaintiff filed an amended complaint. In this amended complaint, plaintiff alleges two additional claims of discrimination under Title VII. Count II of his amended complaint alleges, "Title VII Hostile Work Environment." (Amended Complaint, p.10). Count III of his amended complaint alleges, "Title VII Retaliation." (Amended Complaint, p. 13).

Defendant moves this court to dismiss plaintiff's hostile work environment and retaliation claims as contained in the amended complaint as these claims do not reasonably relate to the claim alleged in plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission on July 28, 2006, upon which this lawsuit and these additional claims are based. Consequently, plaintiff has failed to comply with the required administrative prerequisites and failed to exhaust his administrative remedies as to these claims. Due to this

failure, these claims must be dismissed as such claims cannot form the basis of a civil action as alleged in plaintiff's amended complaint.

## *Plaintiff's EEOC Charge*

On July 28, 2006, the plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission, alleging discrimination based on race in violation of Title VII (hereinafter referred to as "EEOC charge") (Hanneman Aff. ¶ 2, Exh. A)[1]. On July 16, 2007, plaintiff was issued a Notice of Right to Sue on his EEOC charge. (Complaint, ¶ 2, Exh. 1 and Amended Complaint, ¶ 4, Exh. 1) Plaintiff then initiated his federal court complaint within 90 days of the issuance of this Notice of Right to Sue.

The allegations and narrative of the particulars of plaintiff's EEOC charge allege a disparate treatment demotion claim based on race. (Hanneman Aff., ¶ 2, Exh. A). The particular facts plaintiff included in the narration of his EEOC charge focus on his allegation that defendant demoted him from the position of welder foreman because of his race. *Id.* The narration in the EEOC charge includes his alleged change in job duties, identifying his replacement and his assertion that, "I am aware of at least four white employees that have received promotions in spite of having poor attendance." Plaintiff concluded his statement in which he was asked to provide particulars of the alleged discrimination, "I believe the Respondent violated Title VII of the Civil Rights Act of 1964, as amended, on the basis of my race, Black, when I was demoted." (Hanneman Aff., ¶ 2, Exh. A).

In the box on the EEOC charge marked "Date(s) discrimination took place," asking plaintiff to identify the earliest and latest dates of discrimination, plaintiff responded by providing one date, "10-18-2005 [to] 10-18-2005." *Id.* This date is the same date he indicated

---

[1] "Hanneman Aff., ¶ ___" followed by paragraph numbers refers to the numbered paragraphs contained in the Affidavit of Ann Barry Hanneman in Support of Defendant's Motion to Dismiss Amended Complaint. References to the exhibit attached to the affidavit will follow with the "Exh." designation.

that he was demoted by Defendant as provided in the narration section in the charge. *Id.* In the section of the EEOC charge that asks the plaintiff to identify the basis of his charge of discrimination, plaintiff checked the box, "race." *Id.* When providing a response to the instruction to identify the appropriate bases of discrimination under the heading "Discrimination based on (check appropriate box(es))," plaintiff did not check any other box other than race. *Id.*

**I.     The Hostile Work Environment and Retaliation Claims Do Not Relate
to the Predicate EEOC Charge as Required by Title VII.**

Title VII mandates that a complainant file his or her charge with the EEOC within 300 days of the discriminatory act. 42 U.S.C. § 2000e-5(e)(1). Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the fast opportunity to investigate discriminatory practices and enable it to perform its role of obtaining voluntary compliance and promoting conciliatory efforts. *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989). To exhaust this administrative remedy, the complainant must: "(1) timely file a charge of discrimination with the EEOC setting forth the facts and the nature of the charge; and (2) receive notice of the right to sue." 42 U.S.C. § 2000e-5(b)(c)(e). This court has recognized that allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985).

This court has recognized that under Title VII, a plaintiff may bring only those claims that were included in the EEOC charge, or claims that are reasonably related to the allegations of the charge and grow out of such allegations. *McKenzie v. Illinois Dept. of Transp.,* 92 F.3d 473, 481 (7th Cir. 1996) (citations omitted). This standard is met if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claims in the

complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge. *Cheek v. Western and Southern Life Ins., Co.*, 31 F.3d 497, 501 (7th Cir. 1994). The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals. *Id.*

In this case, as set forth below, the application of case law to the facts suggest that the goals of the administrative process would not be met if plaintiff is allowed to proceed. In *Rush*, the court recognized that "the goals behind the requirement of prior resort to administrative relief would be frustrated if the filing of a general charge would open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship." *Id.* at 1110. In applying this standard, the Seventh Circuit has been mindful of the admonition that "technicalities are particularly inappropriate in a statutory scheme [like Title VII] in which layman, unassisted by trained lawyers, initiate the process." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir. 1992) (citing *Love v. Pullman Co.*, 404 U.S. 522 (1972)) However, the court has required necessary detail to allow the agency to perform its statutory duty. This court has stated: "However, the requirement of some specificity in a charge is not a 'mere technicality.' Some detail, beyond a statement that 'I believe I have been discriminated against because of my race, Black' is necessary to allow the agency to perform its statutory duty." *Rush*, 966 F.2d at p. 1111. The court noted: "We hold it will not suffice to file general charges with the EEOC, as was done here, and then expect that this allegation will permit all claims of race-based discrimination in a subsequent lawsuit." *Id.*

The plaintiff's EEOC charge contains no allegations that the defendant engaged in retaliation or that plaintiff was subjected to a hostile work environment. An examination of the

relevant case law and the predicate EEOC charge at issue shows that the predicate charge does not sufficiently relate to support plaintiff's amended complaint.

> A. **The Hostile Work Environment Claim Contained In The Amended Charge Does Not Fall Within the Scope Of The EEOC Charge And As a Matter of Law Must Be Dismissed.**
>
>> 1. *Plaintiff's EEOC charge does not allege a hostile work environment claim.*

As mentioned above, a review of plaintiff's EEOC charge indicates that plaintiff made no mention of being subjected to a hostile work environment at defendant. (Hanneman Aff., ¶ 2, Exh. A). Plaintiff does not allege racial harassment or that the company knew of alleged plaintiff's complaints but failed to take action as plaintiff now alleges in the amended complaint. (See, for example, Amended Complaint, ¶¶ 49, 54-58). Significantly, plaintiff does not allege that his work environment was objectively or subjectively offensive, nor does he even provide dates during which he was subjected to such an environment. As state above, in his EEOC charge, plaintiff focuses only on the issue of his demotion that occurred on one day, October 18, 2005. Plaintiff does not allege any activity took place other than this discrete act of demotion. As such, the EEOC charge would not prompt the EEOC to investigate any type of hostile work environment claim as none is alleged.

In his amended complaint, plaintiff alleges that his hostile work environment claim is within the scope of plaintiff's EEOC complaint alleging that he was demoted because of his race. (Amended Complaint, ¶ 60) This cannot be supported as a matter of law. Such a contention has been rejected by this court as in the *Rush* case as discussed below and other cases like it that hold a general allegation of racial demotion is not sufficient to permit a racial harassment federal court lawsuit.

## 2. *A claim for hostile work environment must be separately alleged in the EEOC charge.*

Courts have examined Title VII claims to determine whether hostile work environment claims relate to a predicate EEOC charge. Under such circumstances, courts have concluded such hostile work environment claims due to their nature, need to be separately alleged, in order to support a federal court action. Here, as stated above, plaintiff has not separately alleged such a claim in this EEOC charge, nor has plaintiff alleged such facts to support such a claim.

In *Rush v. McDonald's Corp.,* the plaintiff filed a race discrimination claim alleging that she was terminated because of her race. 966 F.2d 1104 (7th Cir. 1992) However, when she filed in federal court, she alleged that she was subjected to harassment because of her race. The court concluded that the allegations of racial termination were not sufficient to allow a Title VII federal court lawsuit based upon racial harassment. The court specifically noted, "it is not unreasonable to require some additional specificity or detail as a condition precedent for permitting her to assert her claim of racial harassment." *Id.* at 1111.

In applying the same standard to circumstances under which the underlying claim relates to a discrete decision like a demotion, courts have concluded that a claim of racial harassment or hostile work environment require such an allegation to be alleged separate from the discrete decision. As noted in *Cheek v. Western and Southern Life Ins. Co.*, "[b]ecause an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they both assert forms of sex discrimination." 31 F.3d 497, 501 (7th Cir. 1994). The same can be true for claims based upon race as is presented here.

In *Vela v. Village of Sauk Village*, the complainant alleged that her underlying charge was sufficient when she checked the box marked "sex" as the bases of discrimination, even though

she specifically alleged three specific incidents in which she alleged she was treated differently from male non-Mexican police officers. 218 F.3d 661 (7th Cir. 2000). She did not allege sexual harassment. The court ruled under these circumstances: "In the case before us, Vela's claim of sexual harassment, as stated in her complaint, is wholly diverse from the claim of disparate treatment described in her EEOC charge. It is not reasonably related, and the charge is therefore not an adequate predicate for it." *Id.* at 663. So, too, is plaintiff's hostile work environment claim: This claim is wholly diverse from the claim of racial demotion and the EEOC charge cannot provide a proper basis for plaintiff's hostile work environment claim.

Here, plaintiff's EEOC charge does not provide any factual basis from which a hostile work environment claim can be inferred. It is recognized that ordinarily a claim of sexual harassment cannot be inferred from allegations in an EEOC charge of sexual discrimination. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 503 (7th Cir. 1994). The same is true with racial harassment claims and applies in the instant case. Consequently, such allegations are outside the scope of the predicate charge. Therefore, as there is not a proper basis under Title VII for the allegations of plaintiff's hostile work environment as alleged in plaintiff's amended complaint, (Amended Complaint, p. 10, ¶¶ 52-61), this claim must be dismissed.

### B. The Retaliation Claim Contained In The Amended Charge Does Not Fall Within the Scope Of The EEOC Charge And As a Matter of Law Must Be Dismissed.

#### 1. *The EEOC charge does not allege a retaliation claim.*

An examination of the EEOC charge at issue in the instant case indicates that the EEOC charge and the retaliation claim do not describe the same conduct or relate to the same conduct as alleged in the amended complaint. In the EEOC charge, the plaintiff clearly indicates that the basis of discrimination he alleges is due to race and refers to only one specific date of discrimination -- the date of his demotion. In contrast, in the amended complaint, plaintiff

alleges that over the years of employment he complained about racial discrimination and racial hostility in the workplace that directly involved plaintiff. (Amended Complaint, ¶ 65). Although plaintiff claims his retaliation is within the scope of his EEOC complaint and/or the EEOC investigation, it is clearly not. Significantly, in the EEOC charge, plaintiff provided no facts alleging that he voiced any complaint to management about racial hostility or hostile work environment as he now alleges in the amended complaint. Moreover, as addressed above, plaintiff did not include any facts in the EEOC charge suggesting that he was subjected to a racially hostile environment about which he complained as now alleged.[2] Consequently, the plaintiff's EEOC charge and the amended complaint allegations do not describe the same conduct and therefore should be dismissed.

In the EEOC charge, plaintiff clearly did not indicate that he was bringing forth any claim of retaliation as he clearly did not check the box on the charge when asked to provide the bases of discrimination for his EEOC charge. (Hanneman Aff., ¶ 2, Exh. A). Moreover, the particulars concerning the allegations do not reference any basis for a retaliation charge (e.g., that he complained about a racially hostile environment). As these claims are not supported by the predicate EEOC charge, the retaliation allegation in the amended complaint must be dismissed.

### 2. *This court has recognized that retaliation claims are not reasonably related to substantive claims of discrimination.*

The Seventh Circuit has recognized that retaliation claims are not like or reasonably related to substantive claims of discrimination. The Seventh Circuit has made clear that claims

---

[2] Plaintiff only now in his amended complaint brings forth evidence of racial slurs "during his years of employment and alleges the company knew about such activity. (Amended Complaint, ¶¶ 20-24). Such allegations were clearly not included in his EEOC charge filed on July 28, 2006 and were not arguably referenced by time frame in his charge. [Defendant notes such claims may have even been time barred at the time he filed the EEOC charge at issue.]

398702:309:9514-4:5/20/2008                    8
Case 2:07-cv-00916-RTR    Filed 05/20/08   Page 8 of 11   Document 24

of retaliation simply are not "like or reasonably related to" substantive claims of discrimination. In *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720 (7th Cir. 2003), for example, the court held that the plaintiff's sex discrimination and sexual harassment claims were not like or reasonably related to her claim of retaliatory termination because they involved "a separate set of incidents, conduct, and people, spanning over a period of time prior to the filing of her complaint and more than three months prior to her termination." Id. at 726-27. See also *Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 544 (7th Cir. 1988) (retaliation claim did not fall within the scope of the plaintiff's EEOC charge where "[t]here [wa]s no mention of retaliation or any other words to that effect."); *O' Rourke v. Continental Cas. Co.*, 983 F.2d 94, 97 (7th Cir. 1993) (reversing jury finding of retaliation where the EEOC charge "did not identify the exercise of a protected right or any adverse consequence").

As noted in *Steffen v. Meridian*, a retaliation claim injects an entirely new theory of liability into the case alleging unlawful activity of a much different nature than the [age] discrimination alleged in the charge." *Steffen* at p. 544. As plaintiff only alleges a substantive claim of racial discrimination in his EEOC charge relating to a demotion, plaintiff has not alleged any facts or allegations describing a retaliation claim as he now alleges. Thus, his claim of retaliation must be dismissed as the allegations are outside the scope of the predicate EEOC charge.

**II.** **As Plaintiff's Hostile Work Environment and Retaliation Claims Do Not Relate to the Predicate EEOC Charge as Required by Title VII, Plaintiff has Failed to Exhaust Administrative Remedies as Required and Such Claims are Untimely and Must be Dismissed.**

Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the fast opportunity to investigate discriminatory practices and enable it to perform its role of obtaining voluntary compliance and promoting conciliatory efforts. *Patterson*

*v. McLean Credit Union*, 491 U.S. 164 (1989). This court has recognized that allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985). Here, defendant did not have notice of such claims based upon the EEOC charge filed by plaintiff.

In this case, plaintiff attempts to allege claims against defendant that he failed to allege when he filed his EEOC charge. If plaintiff is able to proceed with his amended complaint, plaintiff will be in effect permitted to proceed to litigate claims that are untimely, as he now asserts new bases for claims from events that took place well before October 2005—well after the 300 days for filing his claim as required by Title VII. The very purposes of requiring administrative remedies to be exhausted prior to bringing a federal court action will be ignored. Plaintiff's failure to preserve such claims on a timely basis should not be rewarded. As this court has pronounced, it is not enough for plaintiff to simply file a general claim with the EEOC and then expect that the charge will permit all claims of race-based discrimination and retaliation in a subsequent lawsuit. *Rush,* 966 F.2d at p. 1111. This is exactly what plaintiff has done. As plaintiff has failed to allege such claims in the predicate charge, plaintiff's amended complaint should be dismissed for failure to exhaust his administrative remedies as required under Title VII.

## CONCLUSION

Defendant requests that this Court grant Defendant's Motion to Dismiss Plaintiff's Amended Complaint. The additional claims alleging hostile work environment and retaliation

contained in the amended complaint filed by plaintiff do not relate to the underlying EEOC charge filed by plaintiff.  Consequently, these claims must be dismissed as a matter of law.

Dated: May 20, 2008

                                                     s/ Ann Barry Hanneman
                                                    Attorneys for Defendant
                                                    Lippmann-Milwaukee, Inc.
                                                    Ann Barry Hanneman
                                                    S.B.W: #1008899
                                                    COOK & FRANKE S.C.
                                                    660 East Mason Street
                                                    Milwaukee, WI  53202
                                                    Phone: (414) 271-5900
                                                    Fax:    (414) 271-2002
                                                    Email:  abarry@cf-law.com