# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LASCELLES RATTRAY,**

        Plaintiff,

  -vs-

**Case No. 07-C-916**

**LIPPMANN-MILWAUKEE, INC.,**

        Defendant.

## DECISION AND ORDER

This matter comes before the Court on Lippmann-Milwaukee, Inc.'s ("Lippmann") motion to dismiss counts two (Title VII Hostile Work Environment) and three (Title VII Retaliation) of Lascelles Rattray's ("Rattray") first amended complaint. Lippmann argues that these two claims are not like or reasonably related to the claims in Rattray's EEOC charge. For the reasons that follow, Lippmann's motion is granted, but Rattray is granted leave to amend his complaint as discussed below.

Rattray is a black man who works as a welder for Lippmann. Rattray was hired in 2002. In March 2003, Rattray was promoted to the position of welding foreman. However, on October 18, 2005, Rattray was demoted to lead man on second shift, and a white co-employee (Larry Pincolic) was promoted to replace Rattray as welding foreman.

On July 28, 2006, Rattray filed a Charge of Discrimination with the EEOC. The Charge focuses on Rattray's allegation that he was demoted from the position of welder foreman because of his race. In the section titled "Discrimination based on," Rattray checked

only the box for "Race," leaving blank all the other boxes (including the box for "Retaliation"). The Charge identifies his replacement and states that "I am aware of at least four white employees that have received promotions in spite of having poor attendance." Rattray concluded by stating that "I believe the Respondent violated Title VII of the Civil Rights Act of 1964, as amended, on the basis of my race, Black, when I was demoted." In the box marked "Date(s) discrimination took place," Rattray provided one date: "10-18-2005 (Earliest) 10-18-2005 (Latest)," the date Rattray was demoted. (D. 25, Exhibit A).[1]

A Title VII plaintiff may bring only those claims that were included in his EEOC charge, or that are "like or reasonably related to the allegations of the charge and growing out of such allegations." *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976)). To be like or reasonably related, "the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994). This rule is meant both to give the EEOC and the employer an opportunity to settle the dispute and to give the employer fair notice of the conduct about which the employee is complaining. *See Geldon v. South Milwaukee School Dist.*, 414 F.3d 817, 819 (7th Cir. 2005) (citing *Haugerud v. Amery School Dist.*, 259 F.3d 678, 689 (7th Cir. 2001)).

---

[1] The Charge of Discrimination was not attached to Rattray's complaint, but the Court may still consider it without converting Lippmann's motion into a motion for summary judgment. *See, e.g., Drebing v. Provo Group, Inc.*, 494 F. Supp. 2d 910, 912 (N.D. Ill. 2007) (courts may consider EEOC charge on motion to dismiss because the EEOC charge is central to the plaintiff's claim).

-2-

As was the case here, EEOC complaints are "most often compiled without the assistance of counsel," so courts allow "considerable leeway" in determining whether administrative remedies were exhausted. *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1035 (7th Cir. 2004). However, Rattray's Charge focuses only on the discrete act of demotion, even restricting his charge to the date he was demoted. By contrast, Rattray's hostile work environment claim encompasses a course of conduct spanning a three year period. Therefore, Rattray's racial harassment claim is not like or reasonably related to the claim in his EEOC charge. *See, e.g., Cheek*, 31 F.3d at 501 ("[b]ecause an employer may discriminate . . . in numerous ways, a claim of . . . discrimination in an EEOC charge and a claim of . . . discrimination in a complaint are not alike or reasonably related just because they both assert forms of . . . discrimination").

As for the retaliation claim, Rattray now alleges in his amended complaint that he was demoted in retaliation for making complaints to his supervisor about racial discrimination. Nowhere is this theory found or even hinted at in Rattray's EEOC charge. "Normally, retaliation, [] discrimination, and [] harassment charges are not 'like or reasonably related' to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another." *Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003). It is true that different claims may be "so related and intertwined in time, people, and substance that to ignore that relationship for a strict and technical application of the rule would subvert the liberal remedial purposes of the Act." *Kristufek v. Hussmann Foodservice Co.*, 985 F.2d 364, 368 (7th Cir. 1993). However, a retaliation claim "injects an entirely new theory of

-3-

liability into the case alleging unlawful activity of a much different nature" than race discrimination. *See Steffen v. Meridian Life Ins. Co.*, 859 F.2d 534, 545 (7th Cir. 1988). The Charge fails to reference any sort of complaint upon which a retaliation charge could be based.[2]

Instead of countering this body of case law head-on, Rattray attempts an end-around. Rattray claims that he spent approximately two hours talking to the EEOC intake officer, but the officer failed to include all of the relevant information in the Charge that was issued. Rattray argues that he should not be held accountable for the procedural errors of the EEOC, extrapolating from the recent Supreme Court decision in *Federal Express Corp. v. Holowecki*, 552 U.S. ____, 128 S. Ct. 1147 (2008).

As an initial matter, *Holowecki* is nowhere near on point, as the issue presented in that case was what constitutes a "charge" for purposes of initiating the EEOC's enforcement mechanism in the context of an ADEA claim. The court held that an intake questionnaire supplemented by a six-page affidavit could be considered a charge if it is "reasonably construed as a request for the [EEOC] to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Holowecki*, 128 S. Ct. at 1158.

More generally, Rattray argues that *Holowecki* signals a new policy trend towards protecting employees' rights. Rattray notes that the court in *Holowecki* allowed the lawsuit

---

[2] Rattray does not allege retaliation for filing the underlying EEOC Charge. *See McKenzie*, 92 F.3d at 482 (7th Cir. 1996) (it is "'unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge'") (quoting *Gupta v. East Texas State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981)).

-4-

to go forward even though the employer was not given the opportunity for mediation and conciliation because it never received notice that a charge was initiated. In the instant case, where the employer *was* given notice of the Charge, the focus is shifted. Lippmann refused to mediate, and it rightfully based that decision on the contents of the Charge it received. Obviously, Lippmann had no way of knowing what Rattray told the EEOC on the day he filed his Charge, aside from what was actually included in the Charge itself. Moreover, at a certain point, the charging party is responsible for the process issued by the EEOC. Rattray was given the opportunity to review the Charge for accuracy, and he signed it before it was issued.[3]

As an aside, Lippmann filed a motion to strike portions of the affidavits submitted by Rattray and his attorney in response to Lippmann's motion to dismiss. In some respects, the motion to strike is well-taken, yet it is unnecessary because the evidence Rattray attempts to introduce is irrelevant. In other words, it doesn't matter what Rattray told the EEOC investigator that did not make its way into the EEOC Charge. It also doesn't matter that Lippmann was aware of the conduct of its employees encompassed by the allegations in the amended complaint (harassment and retaliation). The only relevant issue presented by Lippmann's motion to dismiss is whether the claims in Rattray's amended complaint are like or reasonably related to the allegations in Rattray's EEOC Charge.

---

[3] Rattray implicitly acknowledges his own failures because he initiated a second EEOC investigation with respect to his hostile work environment claim. It would be improper to shoehorn the same allegations into this lawsuit when those allegations are currently being investigated by the EEOC. Neither party moved to stay the instant lawsuit pending the outcome of that investigation, which is apparently ongoing.

-5-

However, Rattray may proceed on his retaliation and harassment claims pursuant to 42 U.S.C. § 1981, which does not require the exhaustion of administrative remedies. *See CBOCS, West, Inc. v. Humphries*, 128 S. Ct. 1951, 1961 (2008) (§ 1981 encompasses claims of retaliation); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 732 (7th Cir. 2004) (§ 1981 does not require exhaustion of remedies). Rattray's amended complaint cites Title VII and § 1981 in the opening paragraph, but the individual counts are explicitly brought under Title VII (Count II: Title VII Hostile Work Environment; Count III: Title VII Retaliation). If Rattray wants to proceed under § 1981, he should amend his complaint so that these claims are clearly brought under § 1981, not Title VII.

**николай, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Lippmann's motion to dismiss counts II and III of Rattray's amended complaint [D. 23] is **GRANTED**;

2. Lippmann's motion to strike portions of the affidavits submitted by Rattray in opposition to the motion to dismiss [D. 32] is **GRANTED**; and

3. Rattray may file an amended complaint on or before **October 20, 2008**, consistent with the foregoing opinion.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2008.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**Chief Judge**

-6-